**John Nikolas HYDE, Appellant,**

v.

**WARDEN, MARYLAND PENITEN-TIARY, Appellee.**

**No. 13430.**

United States Court of Appeals, Fourth Circuit.

Argued Dec. 10, 1970.

Decided Dec. 23, 1970.

Alan J. Karlin, Baltimore, Md. (Court-assigned counsel), for appellant.

Alfred J. O'Ferrall, III, Asst. Atty. Gen., of Maryland (Francis B. Burch, Atty. Gen., of Maryland, on the brief), for appellee.

Before SOBELOFF, WINTER and CRAVEN, Circuit Judges.

PER CURIAM:

John Nikolas Hyde appeals the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He was convicted of murder in the first degree on May 16, 1961, and is presently serving a sentence of life imprisonment in the Maryland Penitentiary. The sole issue before us is whether certain incriminating oral statements and an unsigned handwritten confession should have been excluded from evidence at trial because unlawfully coerced during a period of police interrogation subsequent to Hyde's arrest.

Because petitioner's conviction predates the Supreme Court's decisions in Escobedo v. Illinois, 378 U.S. 478, 84 S. Ct. 1758, 12 L.Ed.2d 977 (1964), and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the test for determining the voluntariness of his statements is the "totality of the circumstances." Hyde has received a comprehensive and fair hearing on this issue in state postconviction proceedings which resulted in a finding that the admissions were in fact voluntary. The dismissal of the application for state postconviction relief was affirmed by the Court of Appeals of Maryland. Hyde v. State, 240 Md. 661, 215 A.2d 145 (1965).

In full compliance with the dictates of Townsend v. Sain, 374 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), the District Court, reviewing the state court record, found that Hyde had received a full and fair hearing on his claim in the state courts, and further found that the state hearing transcript amply supported the conclusion that Hyde's statements were voluntarily made. The circumstances of the police interrogation were fully set forth in the opinions of the District Court and the Maryland state courts and need not be reiterated here. After careful consideration of these circumstances, we conclude that the decision of the District Court should not be disturbed. Accordingly, the judgment is

Affirmed.